IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

|  |  |
|---|---|
| K2 CONCEPTS, INC.<br><br>      Plaintiff,<br><br>v.<br><br>GUARDIAN TECHNOLOGIES, LLC<br><br>      Defendant. | Civil Action No. _____<br><br>Jury Trial Requested |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff K2 Concepts, Inc. (hereinafter "Plaintiff"), by and through its counsel, for its Complaint against Guardian Technologies, LLC (hereinafter, "Defendant") alleges as follows:

## JURISDICTION & VENUE

1.    This Complaint is an action for patent infringement under Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction over the claims in this case pursuant to 28 USC §§ 1331 and 1338 and 35 U.S.C. §281.

2.     Defendant offers for sale and sells throughout the United States, including within this Judicial District and Division, a wide variety of products, including antimicrobial humidifier cleaning cartridges.

3.     Upon information and belief, this Court has personal jurisdiction over Defendant based on Defendant's contacts with this District and Division including, but not limited to, Defendant's conducting business in this district and committing acts of infringement of the patents sued upon in this district.   Upon further information and belief, these activities are carried out by this Defendant, *inter alia*, through sales through retail outlets located in this District and Internet web sites available to consumers within this District.

4.     On information and belief, venue is proper in this district with regard to Defendant pursuant to 28 U.S.C. §1391(b)(2) and/or 28 U.S.C. §1400(b).

<u>PARTIES</u>

5.     Plaintiff K2 Concepts, Inc. is a corporation organized and existing under the laws of the State of Georgia, having a business address at 805 Peachtree St., NE, Atlanta, Georgia 30308.

6.     Upon information and belief, Guardian Technologies, LLC is an Ohio limited liability company, having a business address at 7700 St. Clair Avenue, Mentor, Ohio 44060.

<u>NATURE OF THE ACTION</u>

7.    Plaintiff is a specialty product development company with a focus on mineral based antimicrobial products.  One of Plaintiff's most successful products is an antimicrobial humidifier cleaning cartridge which utilizes an anti-microbial composition including silver to inhibit the growth of bacteria and mold in humidifiers.

8.    Plaintiff is the owner of all right, title, and interest in United States Patent No. 7,422,759 ("the '759 Patent"), entitled "Anti-Microbial Compositions and Methods of Making and Using the Same" (hereinafter, "the '759 Patent"), which was duly and legally issued by the United States Patent Office on September 9, 2008. A copy of the '759 Patent is attached hereto as Exhibit A.

9.    Defendant does not have any license, authorization, consent, or permission from Plaintiff or any other party having any interest in or related to the '759 Patent to manufacture, use, offer to sell, or sell any product embodying the subject matter of any claim of the '759 Patent, or to engage in any other activity that would, in the absence of any license, authorization, permission, or consent, infringe upon or in any way violate any right or interest of Plaintiff in or relating to the '759 Patent.

10.    Defendant has been infringing and/or otherwise violating Plaintiff's rights with respect to one or more of the claims of the '759 Patent by, among other things, manufacturing, using, offering for sale, and/or selling in this district and elsewhere throughout the United States products which embody the subject matter of at least one claim of the '759 Patent, and will continue to do so unless and until enjoined by this Court.

11.     Such infringing products include an anti-microbial humidifier cleaning cartridge sold by Defendant using the name "Aquaball."   A photograph of the infringing Aquaball product is attached hereto as Exhibit B.

12.     On or about May 13, 2011, Plaintiff provided Defendant with notice of the '759 patent and informed Defendant that the Aquaball product infringed claims of the '759 patent.

13.     Upon information and belief, Defendant ceased sales of the Aquaball product sometime in mid-2011.

14.     Sometime subsequent to May 13, 2011, Plaintiff introduced a second infringing anti-microbial humidifier cleaning cartridge sold using the name "Aquastick."  A photograph of the infringing Aquastick product is attached hereto as Exhibit C.

15.     Defendant has, with full knowledge of the '759 Patent, commenced and/or continued infringement of and/or otherwise acted in violation of Plaintiff's rights with respect to one or more of the claims of the '759 Patent in willful disregard of Plaintiff's rights thereunder.

16.     Upon information and belief, Defendant has, with full knowledge of the '759 Patent, actively induced others to infringe one or more claims of the '759 Patent. Also, with knowledge or reason to know of the '759 Patent, Defendant has contributed to the infringement thereof, by among other things, supplying one or more material components or parts of a combination which infringed or infringes one or more claims of the '759 Patent, knowing the same to be especially made or

adapted for use in an infringement of the '759 Patent and not as a staple item of commerce suitable for substantial non-infringing uses.

## COUNT I – PATENT INFRINGEMENT

17.     Plaintiff hereby restates the averments of the previous paragraphs as if fully set forth herein, and for its Count I states as follows:

18.     Defendant has been and is now infringing and/or otherwise acting in violation of Plaintiff's rights with respect to the '759 Patent in violation of 35 U.S.C. § 271(a) by, among other things, making, selling, offering to sell, and/or using in the United States products covered by at least one of the claims of the '759 Patent.

19.     Defendant has been and is now actively inducing infringement of at least one of the claims of the '759 Patent by others in violation of 35 U.S.C. §§271(b) and 271(f).

20.     Defendant has been and is now contributing to infringement of at least one of the claims of the '759 Patent by others in violation of 35 U.S.C. § 271(c).

21.     The claims of the '759 Patent that are infringed herein are valid and enforceable and the '759 Patent is valid, unrevoked, enforceable, in force, and subsisting.

22.     The acts of Defendant complained of herein have been and are now being done willfully with knowledge of, or reason to know, that they violate Plaintiff's rights under and related to the '759 Patent including, but not limited to, infringement of the '759 Patent.

23.     The acts of Defendant complained of herein have caused and are presently causing irreparable harm, damage, and injury to Plaintiff for which Plaintiff has no adequate remedy at law, and such acts will continue to cause such irreparable harm, damage, and injury to Plaintiff unless and until the same are enjoined and restrained by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for at least the following relief:

A.     A preliminary and permanent injunction against Defendant enjoining it from and against any and all further and/or continued acts of infringement, contributory infringement, and active inducement of infringement of the claims of the '759 Patent.

B.     An accounting for damages to Plaintiff resulting from Defendant's infringement, contributory infringement, active inducement of infringement, and any/all other compensable violations of Plaintiff's rights pertaining to the '759 Patent, together with a trebling of all such damages because of the knowing, willful and wanton nature of Defendants' conduct and the exceptional nature of this case pursuant to 35 U.S.C. § 285.

C.     An assessment of interest on all damages.

D.     That this Court award Plaintiff its attorneys' fees, costs and expenses in this action under 35 U.S.C. § 285.

E.     Such other, further, and additional relief as this Court may deem reasonable and just.

JURY DEMAND

Plaintiff hereby requests a jury to try any issue triable of right before a jury.

Respectfully Submitted,


/s/ Arthur A. Gardner
**Arthur A. Gardner**
GARDNER GROFF GREENWALD &
VILLANUEVA, P.C.
2018 Powers Ferry Road, Suite 800
Atlanta, Georgia 30339
Tel.:  (770) 984-2300
Fax:  (770) 984-0098
agardner@gardnergroff.com
litigation@gardnergroff.com
Georgia Bar No. 283995


LUEDEKA NEELY GROUP, P.C.

Michael J. Bradford
TN BPR No. 22689
P.O. Box 1871
Knoxville, TN 37901-1871
Phone: (865) 546-4305
Facsimile: (865) 523-4478
Email: MBradford@Luedeka.com


*Counsel for the Plaintiff*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing and the attached documents comply with LR 7.1(D), NDGa. The font and point size used in preparing the foregoing document are Times New Roman, 14 pt.


<u>/s/ Arthur A. Gardner</u>
**Arthur A. Gardner**
Attorney for Plaintiff